UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


UNITED STATES OF AMERICA,

       Plaintiff,

v.

CHRISTOPHER WAYNE BOWSER,

       Defendant.
                                   /

File No. 2:10-CR-40

HON. ROBERT HOLMES BELL

## **O P I N I O N**

On March 18, 2011, Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendant Christopher Wayne Bower's motion to suppress and dismiss (Dkt. No. 9, Mot.) be denied. (Dkt. No. 21, R&R.) Defendant filed objections to the R&R on March 30, 2011. (Dkt. No. 22, Obj.)

This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b).

**A. Search of the Cooler**

Defendant has raised three objections to the R&R. His first objection is to the Magistrate Judge's failure to address the officers' search of the cooler. Defendant contends that the warrantless search of the cooler was unconstitutional because the contents of the

cooler were not in plain view and Special Agent Jeffrey Poikey opened the cooler without first obtaining permission from Defendant. (Dkt. No. 25, Evid. Hr'g Tr., Poikey Test. 47).

During the search, marijuana was found on a desk and within a cooler located under the desk. Neither party addressed the marijuana in the cooler separately from the marijuana on the desk in their pre-hearing written submissions, and no argument was offered following the evidentiary hearing.

The Magistrate Judge found that the two bags of marijuana on the desk were in plain view. (R&R 4.) The Magistrate Judge also found that Special Agent Poikey opened the cooler under the desk after Defendant informed the officers that the cooler contained more drugs. (R&R 5.) Although the Magistrate Judge found that the "discovery of the marijuana was with defendant's full cooperation," (R&R 5), this finding appears after discussion of the marijuana in plain view, but before discussion of the marijuana in the cooler. Thus, it is not clear from the R&R whether this finding applies to the search of the cooler. Because the R&R does not clearly indicate the basis for its determination that the search of the cooler was constitutionally valid, this issue will be remanded to the Magistrate Judge for clarification of his findings, additional findings, or further briefing, as the Magistrate Judge sees fit.

## B. Custodial Interrogation?

Defendant's second objection is to the Magistrate Judge's finding that he was not in police custody when questioned. Defendant contends that his freedom to move about his own home was restricted when the officers refused his request to change rooms, and the exit

was blocked by a 250 pound officer with a visible weapon.

Defendant led the officers into his home office to talk, but then suddenly turned around and suggested they talk in the bedroom in an effort to prevent the officers from seeing the marijuana. (Poikey Test. 13-15.) Detective Croley stopped Defendant from leaving the home office until they had addressed the marijuana. (Croley Test. 63, 65, 66, 78-79). Once it became clear that the officers had seen the marijuana, Defendant did not ask to leave the room again. (Poikey Test. 16, 46.) Defendant was cooperative throughout the ninety-minute interview, and indicated more than five times his desire to cooperate with the officers, even after the discovery of the marijuana. (Croley Test. 67-68, 79-80.) Defendant had cooperated with the drug enforcement team in the past. (Croley Test. 53.) On *de novo* review the Court agrees with the Magistrate Judge's finding that, under the totality of the circumstances, Defendant was not in custody. *See United States v. Salvo*, 133 F.3d 943, 950 (6th Cir. 1998) (listing factors to consider in determining whehter interrogation was custodial).

**Credibility Determinations**

Finally, Defendant requests the Court to conduct a *de novo* review of the Magistrate Judge's finding that the testimony of the government agents was more credible than the testimony of Defendant and Ms. Treado.

*De novo* review of the Magistrate Judge's credibility determinations does not require this Court to conduct an evidentiary hearing. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for a '*de novo* determination' rather than a *de novo* hearing,

Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.").

The Magistrate Judge had the opportunity to evaluate the credibility of the witnesses who testified at the evidentiary hearing before him. Defendant has not articulated any basis for rejecting the Magistrate Judge's credibility determinations. Upon de novo review of the record, the Court finds no evidence that would suggest that the Magistrate Judge's credibility determinations were erroneous. The Court accordingly adopts the Magistrate Judge's determination to credit the officers' testimony over the conflicting testimony of Defendant and Ms. Treado.

For the foregoing reasons, the Court adopts the R&R in part, denies the motion to suppress in part, and remands the motion to suppress for further proceedings consistent with this opinion.

An order consistent with this opinion will be entered.


Dated: April 26, 2011               /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE