UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                Case No. 2:10-cr-40

v.                               HON. ROBERT HOLMES BELL

CHRISTOPHER WAYNE BOWSER,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Defendant Christopher Wayne Bowser has filed a motion to suppress evidence obtained from his residence, as well as statements he made to law enforcement officers on September 22, 2010. A hearing was held on March 7, 2011. Testifying at the hearing were Drug Enforcement Agency (DEA) Special Agent Jeffrey Poikey, Michigan State Police Detective Trooper Christopher Croley, Lindsay Treado, and defendant Bowser. After the March 7, 2011, hearing I issued a Report and Recommendation recommending denial of the motion to suppress. In an opinion issued April 26, 2011, the Court denied the motion to suppress on all issues except on defendant's claim that the cooler under defendant's desk, which contained marijuana, was opened in violation of defendant's Fourth Amendment rights. That issue was remanded to me for further consideration.

A hearing was held on June 8, 2011. Michigan State Police Detective Trooper Christopher Croley testified at the hearing. Detective Croley testified that defendant informed the officers that the cooler contained "more weed." According to Detective Croley, defendant then

moved the cooler from under his desk and placed or slid the cooler in front of Special Agent Poikey. It is undisputed that Special Agent Poikey then opened the cooler and the officers seized the marijuana that was discovered. It is undisputed that defendant did not expressly consent to the search and seizure of the cooler and that defendant did not make any express objection to the search and seizure of the cooler. The government argues that defendant gave implied consent to search the cooler and for the seizure of the marijuana through his actions.

>Defendant had previously testified in contrast to Detective Croley's testimony:
>
>Q: Did there come a point where - - was there a cooler in your office?
>
>A: Yes, there was.
>
>Q: Where was it located?
>
>A: It was located right underneath the center part of the desk.
>
>Q: So you were in court to hear the description of Agent Poikey in regards to your foot space at your desk?
>
>A: Yes
>
>Q: Is that where it was located?
>
>A: Yes, it was.
>
>Q: And how did it come about that the cooler was looked at?
>
>A: They didn't open the cooler in my office until after I had advised them that I had a friend that was coming to shoot bows at 3:00. At the time when they were getting up to leave, Trooper Croley had - - they kind of looked at each other and then Poikey slid out, slid away from the desk, and he was in my chair, reached down and popped open the cooler.
>
>Q: Okay. Did you give anybody permission to look in the cooler?
>
>A. No, I did not.

      Q: Did you tell anybody what was in the cooler?

      A: No, I did not.

Docket #20, 100-101.

      The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated." An officer is prohibited without a warrant from entering and searching a person's home absent consent. *Schneckloth v. Bustamonte,* 412 U.S. 218, 219 (1973); *Illinois v. Rodriguez*, 497 U.S. 177, 186 (1990). The consent to search must be voluntary, without coercion or the product of duress, to be valid. *United States v. Guimond*, 116 F.3d 160, 170 (6th Cir. 1997). It is the burden of the government to show by a preponderance of the evidence, based upon the totality of all the circumstances, that consent was voluntary. *United States v. Mendenhall,* 446 U.S. 544 (1980). In *United States v. Crowder*, 62 F.3d 782 (6th Cir. 1995), the court stated:

> Because the unwarned statements in question involve a consent to search, we apply the test set forth in *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), and its progeny. Whether a consent to search is voluntary is a question of fact, to be proved by the government, *id.* at 222, 93 S.Ct. at 2045, and determined from the "totality of all the circumstances." *Id.* at 227, 93 S.Ct. at 2048; *see also United States vs. Scott*, 578 F.2d 1186, 1189 (6th Cir.), *cert. denied* 439 U.S. 870, 99 S.Ct. 2012, 58 L.Ed. 2d 182 (1978). Those circumstances include "evidence of minimal schooling, low intelligence, and the lack of any effective warnings to a person of his rights," *Bustamonte*, 412 U.S. at 248, 93 S.Ct. at 2058, as well as evidence concerning "the youth of the accused," "the length of detention," "the repeated and prolonged nature of the questioning," and "the use of physical punishment such as the deprivation of food or sleep." *Id.* at 226, 93 S.Ct. at 2047. Further, the accused's knowledge of his right to refuse to consent is only one factor–not a prerequisite–in establishing voluntary consent. *Id.* at 249, 93 S.Ct. at 2059.

*Id.* at 786-87.

Police may conduct warrantless searches when the totality of the circumstances establish implied consent to search. *Flippo v. West Virginia*, 528 U.S. 11, 14-15 ((1999). "Non-verbal conduct, considered with other factors, can constitute voluntary consent to search." *United States v. Gordon*, 173 F.3d 761 (10$^h$ Cir. 1999). "Under certain narrow circumstances, however, courts will infer consent from the cooperative attitude of a defendant." *United States v. Rosi*, 27 F.3d 409, 412 (9th Cir. 1994) citing *United States v. Impink*, 728 F.2d 1228, 1232 (9th Cir. 1984). In *United States v. Robinson*, 217 Fed. Appx. 503 (6th Cir. 2007), the owner of a residence contacted the police and advised the police that defendant had assaulted her the previous night and defendant had firearms locked in a closet in her home. The owner provided the officers with a key to the closet. The court concluded that at the very least this conduct provided the officers with implied consent to search the closet and look for defendant within the residence. Defendant's motion to suppress the firearms was properly denied. Similarly, implied consent to search an apartment was found where the defendant backed away from the entrance door into the living room allowing the officers to enter the apartment and seize evidence in plain view. *United States v. Griffin*, 530 F.2d 739 (7th Cir. 1976):

> Russell's actions leading to the officers' entry must be placed in perspective and viewed in relation to the "totality of the circumstances" surrounding his confrontation with the officers. A few minutes prior to the officers' entry into the apartment, Russell had responded "no" to a similar request to enter the apartment and shut the door in the officers' faces. This occurrence clearly indicates that Russell was both aware of his right to refuse entry under the circumstances and unintimidated by the officers' color of authority. His subsequent actions supporting the district court's finding of consent must be viewed in light of this prior confrontation. The second time the officers requested entry, Russell did not say "no," nor did he shut the door. Instead of repeating his earlier response, Russell stepped back, leaving the door open, and led the officers into the apartment. Comparing this to the earlier response of Russell, we

> believe it was reasonable for the district court to find that by leaving the door open and stepping back, Russell invited the officers into the apartment and thereby consented to their entry.

*Id.* at 743. Implied consent to search was found where a defendant handed the officers a bag without first giving verbal consent to search, and later admitted that he gave permission to search the bag. *United States v. Peterson*, 100 F.3d 7 (2d Cir. 1996).

In this case the testimony establishes that defendant had voluntarily consented to the interview with the officers. Defendant lead the officers to his personal office where the officers discovered in plain view marijuana on his desk. Defendant also opened his desk drawer and allowed the officers to look at financial documents that were removed from the drawer. It is clear, that defendant stated voluntarily and without objection or hesitation that he had "more weed" in the cooler. The testimony supports the conclusion that defendant pulled the cooler out from under his desk and placed the cooler directly in front of Special Agent Poikey. Special Agent Poikey then opened the cooler and discovered the marijuana. In the opinion of the undersigned, defendant's statement that "weed" was in the cooler and his actions in pulling the cooler out from under the desk and placing in front of Special Agent Poikey operates as consent for Special Agent Poikey to open the cooler and seize the marijuana. The officers did not search defendant's residence and ended the interview when defendant told them that he was expecting company at his house. Defendant was cooperative throughout the interview. The facts as presented by the government establish that it was defendant who notified the officers that there was marijuana in the cooler. Viewing the totality of the circumstances, the government has established that defendant was cooperating with the officers when he slid the cooler over to Special Agent Poikey. By this action, defendant consented to Special Agent Poikey looking in the cooler. Defendant had previous experience as a police informant and

had cooperated with police officers on a prior occasion. Accordingly, it is recommended that the Court find that the totality of the circumstances supports the finding that the search and seizure did not violate defendant's Fourth Amendment rights.

Accordingly, it is recommended that the Court deny defendant's motion to suppress the marijuana discovered in the cooler.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   June 22, 2011