UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                          File No. 2:10-CR-40

v.

                                                          HON. ROBERT HOLMES BELL

CHRISTOPHER WAYNE BOWSER,

        Defendant.
                                                   /

**ORDER APPROVING AND ADOPTING
<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

This matter comes before the Court on Defendant Christopher Wayne Bowser's objections to the Magistrate Judge's June 22, 2011, Report and Recommendation ("R&R") recommending that the Court deny Defendant's motion to suppress the marijuana discovered in the cooler. (Dkt. No. 41, R&R; Dkt. No. 49, Obj.)

Defendant's first objection is based on his contention that the Magistrate Judge improperly applied the "preponderance of the evidence" burden of proof as opposed to the "clear and convincing evidence" burden of proof to the issue of consent. Contrary to Defendant's assertions, the Magistrate Judge did not apply the wrong burden of proof. Recent Sixth Circuit case law makes it abundantly clear that "[t]he government bears the burden of demonstrating by a preponderance of the evidence, through 'clear and positive testimony,' . . . that the consent was voluntary, unequivocal, specific, intelligently given, and

uncontaminated by duress or coercion." *United States v. Lucas*, 640 F.3d 168, 174 (6th Cir. 2011) (quoting *United States v. Canipe*, 569 F.3d 597, 602 (6th Cir. 2009)).

In his second objection, Defendant contends that the evidence does not support the recommended finding that Defendant impliedly consented to the search of the cooler. Defendant contends that the Magistrate Judge never found that Defendant unequivocally or specifically consented to the search of the cooler; that the Magistrate Judge improperly relied on Defendant's cooperation in giving information on the Cable Lake operation as evidence of his consent to search; and that the officers' coercive actions eliminated Defendant's ability to provide lawful consent.

The Sixth Circuit noted in *United States v. Worley*, 193 F.3d 380 (6th Cir. 1999), that to be valid, consent must be "unequivocally, specifically, and intelligently given, uncontaminated by any duress and coercion." *Id.* at 386 (quoting *United States v. Tillman*, 963 F.2d 137, 143 (6th Cir.1992)). The Magistrate Judge found in his first R&R that the conduct of the officers was not coercive. (Dkt. No. 21, R&R 9.) The Magistrate Judge found in his second R&R that "defendant's statement that 'weed' was in the cooler and his actions in pulling the cooler out from under the desk and placing [it] in front of Special Agent Poikey operates as consent for Special Agent Poikey to open the cooler and seize the marijuana." (Dkt. No. 41, R&R 5.) The Magistrate Judge did not improperly rely on Defendant's cooperation in giving information on the Cable Lake operation as evidence of his consent to search. Rather, the Magistrate Judge properly found that Defendant's

2

cooperative attitude extended to notifying the officers that there was marijuana in the cooler and sliding the cooler over to Special Agent Poikey. The Court is satisfied that the totality of the evidence supports a finding that Defendant gave the officers implied consent to search the cooler, and that the consent was unequivocal, specific, intelligently given, and uncontaminated by duress or coercion.

Finally, Defendant objects to the Magistrate Judge's decision to hold a second evidentiary hearing on Defendant's suppression motion. Defendant contends that the Magistrate Judge erred when he granted the government's motion to reopen the evidentiary hearing to present additional evidence, and that allowing Special Agent Poikey a second opportunity to provide evidence that could have been presented at the initial evidentiary hearing was particularly prejudicial because Defendant had already objected to the first R&R.

As this Court noted in its previous opinion, neither party addressed suppression of the marijuana found in the cooler as a separate and distinct issue from suppression of the marijuana found on the desktop. (Dkt. No. 27, Op. 2.) The first time the specific issue of the search of the cooler was raised was in Defendant's objections to the R&R. Under the circumstances, the Court is satisfied that the Magistrate Judge's decision to reopen the evidentiary hearing for further proofs on the search of the cooler was proper. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's objections to the June 22, 2011, R&R (Dkt. No. 49) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the June 22, 2011, R&R (Dkt. No. 41) is

**APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion to suppress the marijuana discovered in the cooler (Dkt. No. 9) is **DENIED**.


Dated: <u>July 29, 2011</u>                                    <u>/s/ Robert Holmes Bell        </u>
                                                               ROBERT HOLMES BELL
                                                               UNITED STATES DISTRICT JUDGE